**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN R. WALSH, III, | |
| Plaintiff, | CIVIL ACTION NO. 3:16-CV-0950 |
| v. | (JUDGE CAPUTO) |
| JUDGE THOMAS MUNLEY, Court of Common Pleas for the County of Lackawanna, | (MAGISTRATE JUDGE SAPORITO) |
| Defendant. | |

## **MEMORANDUM**

Presently before me is the Report and Recommendation of Magistrate Judge Saporito (Doc. 5) with respect to a *pro se* Complaint (Doc. 1) filed by Plaintiff John Walsh, III ("Plaintiff"). Magistrate Judge Saporito recommends that Plaintiff's Complaint be dismissed with prejudice as frivolous and for failure to state a claim upon which relief may be granted. Because I agree that Plaintiff's Complaint is frivolous and fails to state a claim upon which relief may be granted, I will adopt the Report and Recommendation in full and dismiss Plaintiff's Complaint with prejudice.

### **I. Background**

On May 20, 2016, Plaintiff filed a three-page *pro se* Complaint against the Honorable Thomas Munley, Judge of the Lackawanna County Court of Common Pleas. (Doc. 1.) In his Complaint, Plaintiff claims that Judge Munley's conduct while presiding over a state civil case involving a landlord-tenant dispute violated Plaintiff's rights under Title II of the Americans with Disabilities Act ("ADA"). Specifically, Plaintiff claims that Judge Munley violated his rights under the ADA by refusing to provide him with the "reasonable accommodation" of a court-appointed attorney in the underlying landlord-tenant litigation in state court. Plaintiff seeks an award of monetary damages in the amount of Fifty Thousand Dollars ($50,000.00) and injunctive relief in the form of an order directing Judge Munley to (1) provide him with a court-appointed attorney in the underlying state litigation

free of charge and (2) "attend classes for the understanding [of] the American with Disabilities Act." (Doc. 1-1.) Along with his Complaint, Plaintiff also filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.)

On June 8, 2016, Magistrate Judge Saporito granted Plaintiff's motion for leave to proceed *in forma pauperis*. (Doc. 4.) That same day, Magistrate Judge Saporito also issued the instant Report and Recommendation, recommending that Plaintiff's Complaint be dismissed on the ground that Defendant Judge Munley is entitled to judicial immunity. (Doc. 5, at 5-7.) Magistrate Judge Saporito also recommends dismissal on the grounds that Plaintiff's claims are frivolous and fail to state a claim upon which relief may be granted. (*Id.* at 7-9.) Magistrate Judge Saporito further recommends that leave to file a curative amendment be denied because any amendment would be futile. (*Id.* at 9.)

On June 15, 2016, Plaintiff filed his Objections to the Report and Recommendation, though he does not directly address any of the grounds for dismissal outlined by Magistrate Judge Saporito. (Doc. 6.) Rather, Plaintiff provides his "recommendation" that Magistrate Judge Saporito and I "get with the times and uphold the 'Rule of Law.'" (*Id.* at 2.) Notwithstanding Plaintiff's failure to directly address Magistrate Judge Saporito's grounds for recommending dismissal, I have independently reviewed and analyzed them myself and I agree with Magistrate Judge Saporito that dismissal with prejudice is appropriate.

## II. Legal Standards

**A.   Legal Standard in Reviewing a Report and Recommendation**

Where objections to the Magistrate Judge's Report and Recommendation are filed, the district court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir.1989) (citing 28 U.S.C. § 636(b)(1)(C)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual

findings or legal conclusions of the magistrate judge. 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F.2d at 7. Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985). At the very least, the court should review uncontested portions for clear error or manifest injustice. *Cruz v. Chater*, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998).

**B.     Legal Standards Governing Sufficiency of Civil Complaints**

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints filed by plaintiffs given leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (providing that for proceedings *in forma pauperis*, the court shall dismiss a case at any time if the court determines that the action is frivolous or fails to state a claim upon which relief may be granted). In considering whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations and internal quotation marks omitted). Additionally, a court need not assume that a party can prove facts that the party has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). To state a valid cause of action, a party must provide some factual grounds for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### III. Discussion

Magistrate Judge Saporito recommends dismissal of Plaintiff's Complaint on

several grounds.  First, he recommends dismissal of Plaintiff's claims against Judge Munley on the ground that Judge Munley is entitled to judicial immunity.  (Doc. 5, at 5-7.)  "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts."  *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam) (citation omitted). As long as "(1) the judge's actions are taken in his judicial capacity (determined by the nature of the acts themselves) and (2) the judge has some semblance of jurisdiction over the acts, he will have immunity for them."  *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 660 (E.D. Pa. 2014) (citing *Gallas v. Surpeme Court of Pa.*, 211 F.3d 760, 768-69 (3d Cir. 2000)).  A judge "will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."  *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citation and internal quotation marks omitted).

      Here, Plaintiff claims that Judge Munley violated his civil rights under the ADA by failing to appoint an attorney to represent him in those civil proceedings free of charge.  Plaintiff's claims ***exclusively*** concern judicial acts taken by Judge Munley in his role as the presiding state court judge in a state civil action in which Plaintiff is a party, and none of the alleged acts were taken in the complete absence of all jurisdiction.  Under these circumstances, Judge Munley is entitled to judicial immunity and Plaintiff's claim for damages must be dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B)(iii) (providing that a "court shall dismiss the case at any time" if the court determines that the action seeks "monetary relief against a defendant who is immune from such relief").

      In his Objections, Plaintiff appears to argue that Judge Munley is not entitled to immunity because his actions were not taken in his judicial capacity.  Specifically, Plaintiff states that "the daily discharge of a judicial person doesn't include wilful [sic], wanton and total disregard for the Rule of Law that raises [sic] to the level of Negligence the loss of the 'Standard of Care.'" (Doc. 6, at 1.)  However, Plaintiff has failed to allege how Judge Munley's actions were willful, wanton, or in total disregard for the rule of law.

Moreover, a judge will not be deprived of judicial immunity simply because the action he took was in error or done maliciously. *Stump*, 435 U.S. at 356-57; *see also Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("[Judicial] immunity applies even when the judge is accused of acting maliciously and corruptly."). "Although unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (citation and internal quotation marks omitted). Accordingly, Judge Munley is entitled to judicial immunity with respect to Plaintiff's claims.

Second, Magistrate Judge Saporito recommends that Plaintiff's claims be dismissed for failure to state a claim based on the general prohibition of injunctive relief against judicial officers. *See* 42 U.S.C. § 1983 (generally prohibiting injunctive relief against judicial officers); *Ball v. Butts*, 445 F. App'x 457, 458 (3d Cir. 2011) (per curiam) (holding that a request for injunctive relief "was subject to dismissal under § 1915(e)(2)(B)(ii) because such relief is not available against 'a judicial officer for an act . . . taken in such officer's judicial capacity'"); *Azubuko*, 443 F.3d at 303-04 ("In 1996, Congress amended 42 U.S.C. § 1983 to provide that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'") (quoting 42 U.S.C. § 1983). Additionally, Plaintiff has not alleged any facts to suggest that he is a "qualified individual with a disability" under the ADA or that the denial of a court-appointed attorney in a routine state court civil proceeding in any way "excluded [him] from participation in or . . . denied [him] the benefits of the services, programs, or activities of a public entity, or . . . subjected [him] to discrimination by any such entity." 42 U.S.C. § 12132. Accordingly, Plaintiff's Complaint fails to state any claims upon which relief may be granted.

Finally, Magistrate Judge Saporito recommends that Plaintiff's claims be

dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). *See Ball*, 445 F. App'x at 458 (dismissing appeal as frivolous based on judicial immunity). An action is "frivolous where it lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Here, Plaintiff's claim is frivolous because it lacks an arguable basis in law or fact. Contrary to Plaintiff's belief, there is no constitutional right to counsel in a civil case like Plaintiff's underlying landlord-tenant case, where the indigent civil litigant's physical liberty is not at stake. *See Lassiter v. Dep't of Soc. Servs. of Durham Cty., N.C.*, 452 U.S. 18, 25-27 (1981); *see also Turner v. Rogers*, 564 U.S. 431, 442-43 (2011) (noting that an indigent civil litigant has a constitutional "right to appointed counsel only when, if he loses, he may be deprived of his physical liberty."). Here, Plaintiff's Complaint contains no allegations that his physical liberty is at stake. Accordingly, Plaintiff's Complaint will be dismissed as frivolous.

Although it is generally accepted that *pro se* plaintiffs should often be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, it is clear here that the current Complaint fails to state a viable cause of action and cannot be corrected through more artful pleading. Because Plaintiff cannot readily correct the deficiencies identified in his Complaint, and the factual and legal grounds proffered in support of the Complaint make clear that Plaintiff has no right to relief in federal court at this time, granting further leave to amend would be futile and result in undue delay. *Tillio v. Spiess*, 441 F. App'x 109, 110-11 (3d Cir. 2011) (affirming dismissal of *pro se* complaint without leave to amend because there was no factual or legal basis for any federal claims). Accordingly, Plaintiff's Complaint will be dismissed with prejudice.

### IV. Conclusion

For the above stated reasons, Plaintiff's Complaint will be dismissed with prejudice.

An appropriate order follows.

June 21, 2016   /s/ A. Richard Caputo
Date   A. Richard Caputo
   United States District Judge